JESSE K. COX – SBN 285218
jcox@lynberg.com
RYANE C. SKINNER – SBN 356970
rskinner@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant ORANGE COUNTY SHERIFF'S DEPARTMENT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WON CHU,<br><br>                Plaintiff,<br><br>     vs.<br><br>ORANGE COUNTY SHERIFF'S DEPARTMENT,<br><br>                Defendant. | CASE NO. 8:26-cv-01529<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   To Be Set by Assigned Judge<br>Time:   To Be Set by Assigned Judge<br>Crtrm: Assigned Judge<br><br>*[Filed concurrently with Declaration of Ryane C. Skinner; Proposed Order]* |

**1**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on a date and time to be set by the assigned judge once this matter is assigned for judicial handling, and no earlier than 28-days from this notice or as soon thereafter as the matter may be heard by the assigned judge,[1] Defendant ORANGE COUNTY SHERIFF'S DEPARTMENT ("OCSD" or "Defendant") will, and hereby does, move the Court for an order dismissing Plaintiff Won Chu's ("Plaintiff") Complaint pursuant to Fed. R. Civ. Proc. 12 (b)(6). Defendant brings this Motion on each of the following grounds:

1.      Plaintiff Won Chu's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Claims for Relief fail to state claims upon which relief can be granted against OCSD, as OCSD is not a "person" for purposes of Section 1983 liability and is not a "public entity" for purposes of state law tort liability.  See, Fed. R. Civ. Proc. 12(b)(6).

2.      Plaintiff Won Chu's First, Fourth, Fifth, and Tenth Claims for Relief fail on the merits to state a claim upon which relief can be granted against Defendant.  See, Fed. R. Civ. Proc. 12(b)(6).

/ / /

---

[1] OCSD timely filed is Notice of Removal and thereby removed this case from Orange County Superior Court on June 15, 2026.  (See, Dkt. 1).  OCSD did not answer or otherwise respond to the initial Complaint in state court.  Consistent with Federal Rule of Civil Procedure 81(c)(2), it understood its last day to respond to the Complaint to be seven (7) days after the notice of removal was filed, or by Monday, June 22, 2026.  OCSD is timely complying with that deadline by filing the instant Motion to Dismiss.  However, in the seven days since the Notice of Removal was filed, the case has not been assigned to a Central District Judge or Magistrate Judge for handling.  Accordingly, OCSD provides notice of this Motion with the understanding that a hearing date, if any, on the Motion will be set by the assigned judge once the matter is assigned, and that, consistent with the Federal Rules of Civil Procedure and the Central District's Local Rules, any hearing will not be any earlier than 28 days from June 22, 2026.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

3.      Plaintiff Won Chu's Eleventh Cause of Action fails on the merits to state a claim upon which relief can be granted against Defendant.  See, Fed. R. Civ. Proc. 12(b)(6).

Defendant's Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Ryane C. Skinner and Exhibit submitted therewith, and upon such other and further matters as may properly come before the Court. Pursuant to Local Rule 7-3, this Motion is filed following defense counsel's meet and confer efforts that took place on June 15, 2026 and June 16, 2026.  (See, Declaration of Ryane C. Skinner in Support of Defendant's Motion to Dismiss ("Skinner Decl."), ¶ 5). Accordingly, the defense consequently prays that this Court hear and decide the issues raised herein.

DATED:  June 22, 2026                    Respectfully submitted,

                                                          **LYNBERG & WATKINS**
                                                          A Professional Corporation


                                                    By:  _/s/ Ryane C. Skinner_
                                                          **JESSE K. COX**
                                                          **RYANE C. SKINNER**
                                                          Attorneys for Defendant
                                                          ORANGE COUNTY SHERIFF'S
                                                          DEPARTMENT

**3**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................10

II.   OCSD cannot be sued on any of Plaintiff's claims for relief........................12

III.  PLAINTIFF's *MONELL* CLAIMS FAIL AS A MATTER OF LAW ...........15

    A.    Unconstitutional Custom, Policy, or Practice........................................15

    B.    Failure to Train.......................................................................................22

    C.    Ratification.............................................................................................24

IV.   PLAINTIFF'S "CONSPIRACY" CLAIM FAILS AS A MATTER OF LAW ....................................................................................................................26

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

A.E. ex rel. Hernandez v. Cty. of Tulare,
  666 F.3d 631 (9th Cir. 2012)................................................................17

Acevedo v. City of Fontana,
  2024 WL 1600665 (C.D. Cal. 2024)......................................................21

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ..................................................................passim

Batiste v. City of Beaumont,
  421 F.Supp.2d 969 (E.D. Tex. 2005) .....................................................26

Bd. of Cty. Comm'rs v. Brown,
  520 U.S. 397 (1997) .................................................................15, 16

Bedford v. City of Hayward,
  2012 WL 4901434 (N.D. Cal. 2012).......................................................17

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) ..................................................................passim

Black v. City of Blythe,
  562 F.Supp.3d 820 (C.D. Cal. 2022)......................................................24

Brown v. County of San Bernardino,
  2021 WL 99722 (C.D. Cal. 2021)...............................................11, 18, 21, 24

Camarillo v. Riverside County Sheriff Department,
  2022 WL 4125309 (C.D. Cal. 2022).................................................13, 17

Case v. Kitsap County Sheriff's Dep't,
  249 F.3d 921 (9th Cir. 2001)...............................................................24

City of Canton v. Harris,
  489 U.S. 378 (1989) .................................................................23, 24

Dean v. Barber,
  951 F.2d 1210 (11th Cir. 1992)............................................................13

**5**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Dougherty v. City of Covina,
    654 F.2d 892 (9th Cir. 2011)........................................................................15

Espinoza v. County of Orange,
    2025 WL 1090391 (C.D. Cal. 2025)......................................................18, 19

Estate of Luna v. Orange County Sheriff's Department,
    2024 WL 3218649 (C.D. Cal. 2024)......................................................20, 21

Estate of Luna v. Orange County Sheriff's Dept.,
    2024 WL 2105604 (C.D. Cal. 2024).........................................14, 16, 19, 26

Fernandez v. Los Angeles County,
    2022 WL 16859587 (C.D. Cal. 2022)............................................................13

Flores v. Cnty. of Los Angeles,
    758 F.3d 1154 (9th Cir. 2014)......................................................................24

Galindo v. City of San Mateo,
    2016 WL 7116927 (N.D. Cal. 2016)............................................................17

Harris v. Roderick,
    126 F.3d 1189 (9th Cir. 1997)......................................................................26

Herd v. County of San Bernardino,
    311 F.Supp.3d 1157 .............................................................................passim

Hermosillo v. County of Orange,
    2020 WL 6785303 (C.D. Cal. 2020)......................................................18, 20

Horosny v. Burlington Coat Factory,
    Inc., 2015 WL 12532178 (C.D. Cal. 2015)..................................................11

Hussain v. Cnty. of Orange,
    2024 WL 3218648 (C.D. Cal. 2024)..............................................................21

Jennings v. Cty. of Riverside,
    2020 WL 4037164 (C.D. Cal. 2020)..............................................................13

Kearns v. Ford Motor Co.,
    567 F.3d 1120 (9th Cir. 2009)......................................................................10

Koenig v. City of Bainbridge Island,
    2011 W L 3759779 (W.D. Wash. 2011) ......................................................25

**6**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Lacey v. Maricopa,
   693 F.3d 896 (9th Cir. 2012)................................................................26

Lucero v. County of Orange,
   536 F.Supp.3d 628 (C.D. Cal. 2021)..........................................14, 15

Lucero v. County of Orange,
   2021 WL 1034861 (C.D. Cal. 2021)...........................................16, 18

Lytle v. Carl,
   382 F.3d 978 (9th Cir. 2004)..............................................................25

M.D.  v. County of San Bernardino,
   2023 WL 2342338 (C.D. Cal. 2023)....................................................23

McDougal v. County of Orange,
   2022 WL 18144372 (C.D. Cal. 2022)..................................................20

Menotti v. City of Seattle,
   409 F.3d 1113 (9th Cir. 2005)............................................................16

Moles v. County of Linn,
   2004 WL 1490324 (D. Or. 2004)........................................................13

Monell v. Dep't of Soc. Servs. of N.Y.,
   436 U.S. 658 (1978) ........................................................15, 16, 19

Mong Kim Tran v. City of Garden Grove,
   2012 WL 405088 (C.D. Cal. 2012)....................................................23

Nelson v. Cty. Of Sacramento,
   926 F.Supp.2d 1159 (E.D. Cal. 2013)................................................13

Pena v. Gardner,
   976 F.2d 469 (9th Cir. 1992)..............................................................27

Peschel v. City of Missoula,
   686 F.Supp.2d 1092 (D. Mont. 2009) ................................................25

Robicheaux v. County of Orange,
   750 F.Supp.3d 1161 (C.D. Cal. 2024)................................................15

Rodarte v. County of Orange,
   2025 WL 2304297 (C.D. Cal. 2025)...........................................18, 19

**7**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Rodarte v. County of Orange,
2025 WL 2304329 (C.D. Cal. 2025)........................................................................18

Rodrigues v. County of Orange,
2020 WL 3396619 (C.D. Cal. 2020)........................................................................22

Seever v. City of Modesto,
2022 WL 17418355 (E.D. Cal. 2022)......................................................................20

Sommers v. City of Santa Clara,
516 F.Supp.3d 967 (N.D. Cal. 2021) ......................................................................20

Thompson v. City of Los Angeles,
885 F.2d 1439 (9th Cir. 1989)................................................................................19

Trevino v. Gates,
99 F.3d 911 (9th Cir. 1996)....................................................................................19

United States v. Corinthian Colls.,
655 F.3d 984 (9th Cir. 2011)..................................................................................11

United States v. Kama,
394 F.3d 1236 (9th Cir. 2005).................................................................................13

United States v. Martin-Baker Aircraft Co.,
389 F.3d 1251 (D.C. Cir. 2004) ..............................................................................27

Vallas v. City of Chula Vista,
56 Cal.App.3d 382  (1976).....................................................................................14

Vance v. County of Santa Clara,
928 F. Supp. 993 (N.D. Cal. 1996) .........................................................................13

Vanegas v. City of Pasadena,
46 F.4th 1159 (9th Cir. 2022)...........................................................................22, 24

Wolcott v. County of Orange,
2023 WL 3984215 (C.D. Cal. 2023)..................................................................16, 25

Wolcott v. County of Orange,
2023 WL 8224902 (C.D. Cal. 2023)........................................................................21

Young v. City of Visalia,
687 F.Supp.2d 1141 (E.D. Cal. 2009)......................................................................22

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

**<u>Statutes</u>**

42 U.S.C. § 1983.................................................................................................13, 15, 16

42 U.S.C. § 1985........................................................................................................26

42 U.S.C. § 1985(1)-(3).............................................................................................26

42 U.S.C. § 1985(3)..............................................................................................26, 27

Evidence Code § 200 ................................................................................................14

**<u>Rules</u>**

<u>Fed. R. Civ. Proc.</u> 12 (b)(6) ..................................................................2, 3, 11, 14, 26

<u>Federal Rule of Civil Procedure</u> 8(a)(2) .................................................................26

Federal Rule of Civil Procedure 81(c)(2) .................................................................2

---

**9**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

As best Defendant Orange County Sheriff's Department ("Defendant" or "OCSD") can tell, *pro se* Plaintiff Won Chu ("Plaintiff") brings this civil action in connection with what appears to be his displeasure with his detention at the Orange County Intake and Release Center ("IRC") in Santa Ana. (See generally, Plaintiff's Complaint ("Complaint"), Exhibit "A," Skinner Decl., ¶ 3).  Plaintiff claims that following his transfer to the IRC from the Fullerton Police Department on June 18, 2025, an unidentified female Fullerton police officer informed unidentified OCSD deputies that Plaintiff had battered her, and that as a result of this communication, Plaintiff was subjected to poor treatment.  (See, Complaint, ¶¶ 9-10, Exhibit A, Skinner Decl., ¶ 3).  According to Plaintiff, unidentified "deputies" refused to respond to his alleged medical emergency, did not meet his nutritional and sanitary needs, and somehow caused Plaintiff to sustain "ice burns to his buttocks and swelling to his feet" due to his confinement. (See, Complaint, ¶¶ 13, 34, 38, 60-61, Exhibit A, Skinner Decl., ¶ 3).

From this highly improbable and thin factual narrative, Plaintiff filed suit against OCSD in Orange County Superior Court for alleged (1) Violations to the Fourteenth Amendment; (2) Violation of the Eighth Amendment; and (3) Conspiracy to Interfere with Civil Rights, to name a few.  (See generally, Complaint, Exhibit A, Skinner Decl., ¶ 3).  Given Plaintiff's invocation of several constitutional amendments and allegations concerning violation of his constitutional rights, OCSD timely removed the case to federal court. (See, Notice of Removal, Dkt. 1).  That removal subjects Plaintiff's pleading to federal pleading standards. See, Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (federal pleading rules apply regardless of whether substantive law at issue is state or federal).

Apart from not having any evidentiary anchor (a matter for another day),

10

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff's attempted recovery theories are defective on their face and ignore settled precedent that bars their application.  For starters, OCSD is not a proper party to *any* of Plaintiff's Claims for Relief.  As discussed below, OCSD is not a "person" for purposes of liability under Section 1983, and it is not a "public entity" for purposes of liability under California tort law.  All causes of action against it should therefore be dismissed with prejudice.

Turning to Plaintiff's Section 1983 claims against Defendant, the face of the Complaint reveals they are bereft of factual specificity and are instead propped up by conclusory allegations that are lamented by federal courts.  As discussed below, this facial defect means the Complaint violates Rule 8 and Rule 12 standards, as it unfairly deprives Defendant of its rights to notice of the factual bases supporting the claims made against it.  Rule 8 is simple: it requires a "short and plain statement" that evidences an entitlement to relief.  Central to that requirement is that the complaint "give fair notice" of the claims being made and specify "with at least some degree of particularity the overt acts which the defendants engaged in that support plaintiffs' claim."  See, Brown v. County of San Bernardino, 2021 WL 99722, at *2 (C.D. Cal. 2021); see also, Horosny v. Burlington Coat Factory, Inc., 2015 WL 12532178, at *3 (C.D. Cal. 2015) (to satisfy Rule 8, a complaint must give the defendant "fair notice of what the claim is and the grounds upon which it rests.").  Rule 12 complements Rule 8 by precluding a plaintiff from proceeding with nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  See, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It provides an enforcement mechanism—the Motion to Dismiss—to ensure a civil plaintiff has stated a "plausible claim" that includes "'*factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*'"  See, United States v. Corinthian Colls., 655 F.3d 984, 991 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (emphasis added).  Where, as here, a pleading offers "facts" that are "'merely consistent with'

11

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

a defendant's liability," it "'stops short of the line between possibility and plausibility of 'entitlement to relief,'" and must be dismissed.  See, Iqbal, supra, 556 U.S. at 678 (quoting Twombly, supra, 550 U.S. at 557).

In short, Plaintiff's Complaint is plagued with substantive maladies that cannot go unaddressed.  Defense counsel has raised each of the issues discussed in this Motion with Plaintiff by way of detailed correspondence, consistent with Local Rule 7-3.  (See, Skinner Decl., ¶ 5).  Additionally, defense counsel telephonically met and conferred with Plaintiff and discussed these defects.  (See, Skinner Decl., ¶ 5).  Plaintiff expressed an unwillingness to amend his Complaint. (See, Skinner Decl., ¶ 5).

Accordingly, for the reasons set forth in further detail below, Defendant respectfully requests that its Motion to Dismiss be granted as prayed.

## II.   OCSD CANNOT BE SUED ON ANY OF PLAINTIFF'S CLAIMS FOR RELIEF

Plaintiff levels his First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Claims for Relief against "Defendant," which necessarily includes OCSD.  These claims encompass federal claims for alleged "dereliction of duty/ Violation of Fourteenth Amendment" (First), "Violation of Eight Amendment" (Fourth), "Fourteenth Amendment violation/deliberate indifference/ intentional physical and mental abuse" (Fifth), "Violation of Fourteenth Amendment/ cruel and unusual punishment/ use of excessive force" (Tenth), and "Conspiracy" (Eleventh), and state law claims for "Assault/ deliberate indifference/ emotional distress" (Second), "claim for personal injury/negligence" (Third), "Fraud/negligence" (Sixth), "False Imprisonment" (Seventh), "Neglect of Duties" (Eighth), "damages/negligence" (Ninth), and "intentional infliction of emotional distress" (Eleventh).  OCSD is not a proper party to any of them.

Specific to Plaintiff's First, Fourth, Fifth, Tenth, and Eleventh causes of action (the federal claims), it is well-settled that a law enforcement department is a

**12**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

non-suable entity inasmuch as it is not a public entity itself, but rather a part of the suable public entity. In the federal context, Ninth Circuit and district court case authority supports this position, frequently describing the law enforcement agency as not being a "person" subject to suit pursuant to Section 1983. See, United States v. Kama, 394 F.3d 1236, 1239-1240 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983."); see also, Camarillo v. Riverside County Sheriff Department, 2022 WL 4125309, at *3 (C.D. Cal. 2022) ("Under Section 1983, a plaintiff may pursue claims against a 'person' acting under the color of state law. However, local departments within municipal governmental entities are not proper defendants under Section 1983."); Fernandez v. Los Angeles County, 2022 WL 16859587, at *2 (C.D. Cal. 2022) ("As a threshold matter, LASD is not an appropriate defendant for the Section 1983 claims in this matter. Municipal police departments are not generally considered 'persons' under Section 1983."); Jennings v. Cty. of Riverside, 2020 WL 4037164, at *4 (C.D. Cal. 2020) ("Although a county government…is a 'person' for purposes of Section 1983, a department, agency, or unit of that local government…is not a 'person' under Section 1983, and not subject to suit."); Nelson v. Cty. Of Sacramento, 926 F.Supp.2d 1159, 1170 (E.D. Cal. 2013) ("Under § 1983, 'persons' includes municipalities. It does not include municipal departments."); Vance v. County of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("The County is a proper defendant in a § 1983 claim, an agency of the County is not."); accord Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992) (county sheriff's department cannot be sued under section 1983); Moles v. County of Linn, 2004 WL 1490324, at *4 (D. Or. 2004) ("[T]he Linn County Sheriff's Office is not a 'person' subject to liability under section 1983. Municipal departments, commissions and associations, such as police, sheriff and corrections departments cannot be sued under section 1983.").

The law is similarly well-settled with respect to state law claims against law

**13**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

enforcement agencies, like Plaintiff's Second, Third, Sixth, Seventh, Eighth and Ninth Causes of Action.  Put plainly, "[a] sheriff's department is not a 'public entity' under California law," and is therefore not subject to suit for alleged violations of California law.  See, Estate of Luna v. Orange County Sheriff's Dept., 2024 WL 2105604, at *3 (C.D. Cal. 2024) (dismissing with prejudice all state law causes of action asserted against OCSD) (citing Vallas v. City of Chula Vista, 56 Cal.App.3d 382 387-388 (1976)); Vallas, supra, 56 Cal.App.3d at 387-388 ("We are provided no authority for the position that the police department is a 'public entity' within the meaning of the section.  Evidence Code section 200 defines a public entity as 'a nation, state, county, city and county, city, district, public authority, public agency, or any other political subdivision or public corporation, whether foreign or domestic.' While 'public agency' may be a somewhat vague term, its use as a part of a definition of 'public entity' must contemplate a body with some degree of sovereignty.  Each of the listed entities as well as the classification found in the concluding language, 'or any other political subdivision or public corporation,' describes an independent body politic with sovereignty and not a department or office within the entity.  To construe 'public agency' any other way would be to destroy the concept of 'entity….'  None of the definitions of 'public agency' we have been able to find would include a department of a city as such. *We must conclude the police department is merely an integral part of a public entity and not an entity itself*.") (emphasis added).

Based on the foregoing, OCSD's inclusion here is not proper and all claims for relief against it should be dismissed.  See, Fed. R. Civ. Proc. 12(b)(6).  Because no amount of time or chances to amend can cure this reality, all claims should be dismissed without leave to amend and with prejudice.  See, Lucero v. County of Orange, 536 F.Supp.3d 628, 634 (C.D. Cal. 2021) (denying leave to amend where permitting leave would be futile).

/ / /

**14**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

### III.    PLAINTIFF'S *MONELL* CLAIMS FAIL AS A MATTER OF LAW

Defendant reads Plaintiff's First, Fourth, Fifth, and Tenth Causes of Action as pled against OCSD as attempting to impute "Monell" liability to the Sheriff's Department based on alleged "unconstitutional custom, policy, or practice," "failure to train," and "ratification." (See, Complaint, ¶¶ 11-16, 32-35, 36-40, 59-62, Exhibit A, Skinner Decl., ¶ 3). Without waiving its argument that OCSD is not a "person" properly subject to Section 1983 liability in the first instance (see, Section II., supra), based on the current allegations, Defendant contends each of these theories is insufficiently pled such that claims independently fails as a matter of law.

### A.    Unconstitutional Custom, Policy, or Practice

Section 1983 liability can attach to a public entity only when a plaintiff pleads "sufficient factual allegations to plausibly suggest" that a policy or settled practice was the "moving force" behind and caused a constitutional violation. See, Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690 (1978); see also, Robicheaux v. County of Orange, 750 F.Supp.3d 1161, 1167 (C.D. Cal. 2024) ("'In order to establish liability for governmental entities under Monell, a plaintiff must prove (1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'") (quoting Dougherty v. City of Covina, 654 F.2d 892, 900 (9th Cir. 2011)); accord Lucero, supra, 536 F.Supp.3d at 632 (citing Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 405 (1997) for the rule that "[r]igorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."). Stated a different way, "[a] municipality cannot…be held liable under § 1983 '*solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.'" See, Herd v. County of San Bernardino, 311 F.Supp.3d 1157, 1166 (quoting Monell, supra, 436 U.S. at 691; see

**15**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

also, Brown, supra, 520 U.S. at 403 ("We have consistently refused to hold municipalities liable under a theory of respondeat superior"; it is only when an explicit or tacit wrongful government "policy or custom" causes government employees to inflict an injury that a government entity may be liable under Section 1983).  Additionally, only "'a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity'" will support the imposition of municipal liability.  See, Herd, supra, 311 F.Supp.3d at 1167 (quoting Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005)).  And Plaintiff's allegations must meet the "plausibility" requirement delineated in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  See, Iqbal, supra, 556 U.S. at 678 (the complaint must also be "plausible on its face," allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged.").

For starters, it is not enough to simply identify a policy—Plaintiff must plead facts at least supporting an inference that the claimed policies actually exist.  See, e.g., Estate of Luna, supra, 2024 WL 2105604, at *5 (finding plaintiff's Monell claim "too conclusory to state a claim" where plaintiffs only alleged that decedent's death "was caused by a local policy or custom" and did not plead "facts to support [the policies'] existence."); Wolcott v. County of Orange, 2023 WL 3984215, *11 (C.D. Cal. 2023) (dismissing Monell claim for "unconstitutional custom, policy, or practice" finding, "While the Wolcotts have pled specific alleged policies, there are no facts supporting the inference that those policies exist, a necessary predicate at this stage"); Lucero v. County of Orange, 2021 WL 1034861, at *2 (C.D. Cal. 2021) (dismissing Monell claim where plaintiff failed to allege any facts showing the alleged policy or custom actually existed); Herd, supra, 311 F.Supp.3d at 1167 (dismissing Monell claim predicated on eleven allegedly unconstitutional customs, policy, and practices where "Plaintiffs fail to allege any facts showing that any of these claimed policies or customs actually exist.").

This factual predicate is required under federal pleading standards, which are

**16**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

directly applicable to Section 1983 "municipal liability" claims like that alleged by Plaintiff.  See, A.E. ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (noting that the Twombly and Iqbal standards apply to municipal liability claims).  Under the Supreme Courts' Iqbal and Twombly standards, "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will never be enough for Plaintiff to meet his pleading burden.  See, Twombly, supra, 550 U.S. at 555; see also, Iqbal, supra, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting Twombly, supra, 550 U.S. at 555).  Put differently, "'Monell allegations must be [pled] with specificity as required under Twombly and Iqbal.'"  See, Camarillo, supra, 2022 WL 4125309, at *3 (C.D. Cal. 2022) (quoting Galindo v. City of San Mateo, 2016 WL 7116927, at *5 (N.D. Cal. 2016)); see also, Bedford v. City of Hayward, 2012 WL 4901434, at *12 (N.D. Cal. 2012) ("[A] Monell claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts or habits.'").  Monell claims that do not meet this standard—like Plaintiff's—are subject to dismissal.  See, e.g., Herd, supra, 311 F.Supp.3d at 1168 (applying "the liberal pleading standard established by Iqbal and Twombly to Plaintiff's Monell claim and finding that Plaintiff's "allegations with respect to the alleged customs and policies are likely deficient.").

Here, Plaintiff's First, Fourth, Fifth and Tenth Causes of Action do not allege sufficient *facts* even plausibly suggesting that an actionable "policy," "practice," or "custom" was the "moving force" behind a constitutional violation.  At most, Plaintiff appears to allege general presumed Constitutional violations without more.  (See, Complaint, ¶¶ 15, 33, 35, 38 and 59-62, Exhibit A, Skinner Decl., ¶ 3). These allegations do not even plausibly suggest that any "policy" was unconstitutional and therefore caused a violation of Plaintiff's rights.

Indeed, not once does Plaintiff identify a single actual policy by name or number, nor does he discuss the content of any purported policy.  Instead, Plaintiff

**17**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

resorts to conclusory buzz-phrases and empty rhetoric.  (See, Complaint, ¶¶ 11-15, 33, 35, 38 and 59-62, Exhibit A, Skinner Decl., ¶ 3). "Courts routinely dismiss such 'sweeping unconstitutional customs, practices, and policies' as overbroad and conclusory."  Rodarte v. County of Orange, 2025 WL 2304329, at *6 (C.D. Cal. 2025) (quoting Brown, 2021 WL 99722, at *4).  Consistent with a solid body of authority in the Central District, Defendant contends that the facial shortcomings in Plaintiff's "unconstitutional custom, policy, or practice" theory are enough to merit dismissal here.  See, Rodarte v. County of Orange, 2025 WL 2304297, at *3 (C.D. Cal. 2025) (dismissing Monell claim as being "wholly devoid of specificity and instead rely[ing] on catch-all categories of wrongdoing, threadbare allegations of unconstitutional policies, and circular reasoning," and faulting Plaintiffs for "not list[ing] a single actual policy by name or number."); Espinoza v. County of Orange, 2025 WL 1090391, at *5 (C.D. Cal. 2025) (dismissing Monell claim where plaintiffs did not sufficiently allege that a "particular policy is so facially deficient that any reasonable policymaker would recognize the need to take action.") (internal quotation omitted); Wolcott, supra, 2023 3984215, at *11 (dismissing Monell claim predicated on eleven allegedly unconstitutional customs, policy, and practices where "Plaintiffs fail to allege any facts showing that any of these claimed policies or customs actually exist.") (citing Herd, supra, 311 F.Supp.3d at 1167); Lucero, supra, 2021 WL 1034861, at *2 (dismissing Monell claim based on plaintiff's failure to allege any facts showing a claimed policy or custom actually exists, and for failing to allege "the substance of [Defendant's] current policy or explain why it is inadequate"); Hermosillo v. County of Orange, 2020 WL 6785303, at *4 (C.D. Cal. 2020) ("Defendants contend that Plaintiffs have failed to identify any custom or policy that deprived Plaintiffs of their constitutional rights. [Citation].  The Court agrees. Plaintiffs' FAC is devoid of any allegations regarding what specific policies, practices, or customs contributed to alleged constitutional violations and what specific constitutional violations occurred….  Thus, Plaintiffs have failed to include

18

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

any underlying facts sufficient to give fair notice to Defendants of the alleged policies or customs and constitutional violations.").

If more were needed, Plaintiff has wholly failed to show that any unconstitutional policy or practice was so "persistent and widespread" as to amount to a constitutional violation.  See, Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (quoting Monell, supra, 436 U.S. at 691) ("Liability for improper custom may not be predicated on isolated or sporadic incidents," rather "[t]he custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled [municipal] policy.'"). Instead, Plaintiff's "Monell" claims reference only "facts" specific to the incident in question.  (See, Complaint, ¶¶ 11-16, 32-35, 36-40, 59-62, Exhibit A, Skinner Decl., ¶ 3).

By rule, an isolated incident, such as that alluded to Plaintiff, is insufficient to support any purported "municipal liability" claim based on an alleged unconstitutional "policy," "practice," "procedure," or "custom."  See, Thompson v. City of Los Angeles, 885 F.2d 1439, 1443-1444 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events [is] insufficient to establish custom").  Central District courts have spoken loudly and in unison on this point.  See, e.g., Espinoza, supra, 2025 WL 1090391, at *5 (dismissing Monell claims where "Plaintiffs also do not allege or point to a pattern of prior, similar violations of federal protected rights….") (internal quotation omitted); Rodarte, supra, 2025 WL 2304297, at *3 (dismissing Monell theory based on unconstitutional custom, policy or practice on the basis that "beyond failing to state what specific policy led to the constitutional violation, the Complaint has additionally failed to state similar past instances that would otherwise be required to adequately plead a Monell claim."); Estate of Luna, supra, 2024 WL 2105604, at *5 ("Read as a whole, the FAC alleges a single, one-off incident where Individual Defendants violated the Eighth Amendment. Therefore, Plaintiff's allegations regarding Monell liability are too conclusory to state a claim."); McDougal v.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

County of Orange, 2022 WL 18144372, at *4 (C.D. Cal. 2022) (dismissing plaintiff's Monell claim where plaintiff failed to allege the existence of enough factually similar incidents to establish that the County was "on notice of an unconstitutional practice."); Hermosillo, supra, 2020 WL 6785303, at *4 (dismissing Monell claim where "Plaintiffs do not include specific allegations outside of their individual case. The single incident involving the Decedent is insufficient to establish the existence of a policy or custom by the County."); accord Sommers v. City of Santa Clara, 516 F.Supp.3d 967 (N.D. Cal. 2021) (granting municipality defendant's summary judgment because the plaintiff did not introduce any evidence of a "recurring failure to investigate and discipline municipal officers for constitutional violations").

"'To evaluate whether a sufficient pattern of unconstitutional conduct exists, courts typically consider the number of incidents, *the factual similarity of those incidents*, their timing, and any subsequent action by the defendant.'"  See, Estate of Luna v. Orange County Sheriff's Department, 2024 WL 3218649, at *2 (C.D. Cal. 2024) (quoting Seever v. City of Modesto, 2022 WL 17418355, at *3 (E.D. Cal. 2022)) (emphasis added).  The district court in the just-cited Estate of Luna case explains the reasoning behind the requirement for factual similarity of prior incidents to establish a pattern:

> The purpose of requiring that the prior instances be similar is tethered to *Monell's* doctrinal moorings.  In *Monell*, the Supreme Court made clear that municipal liability cannot rest on a respondeat superior theory of liability.  [Citation].  Rather, municipal liability must rest on the actions of the municipality.  [Citation].  Without notice of similar past instances, county decisionmakers can hardly be said to have deliberately chosen to implement the policy that causes violations of constitutional rights.  [Citation].  Thus, [p]rior indicators cannot simply be for any and all 'bad' or unwise acts, but rather must point to

**20**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

the specific violation in question. That is, notice of a pattern of *similar* violations is required. [Citation]. Stated differently, for prior instances to constitute a pattern, they must be sufficiently similar to the present deprivation such that the [public entity's] failure to act to address the previous violations constitutes a deliberate decision to deny the plaintiff constitutional rights.

See, Estate of Luna, supra, 2024 WL 3218649, at *2 (internal quotations omitted) (internal citations omitted).

Outside of the alleged incident Plaintiff complains about, Plaintiff has not alleged any specific facts showing that OCSD had an ongoing practice or custom that resulted in factually similar instances of violations of constitutional rights. These flaws subject Plaintiff's "Monell" claim to dismissal. See, e.g., Hussain v. Cnty. of Orange, 2024 WL 3218648, at *2 (C.D. Cal. 2024) (dismissing plaintiff's "unconstitutional custom, policy, or practice" claim even where plaintiff pled "five [other] instances" of alleged misconduct because the other instances were "too dissimilar to establish a policy of custom"); Estate of Luna, supra, 2024 WL 3218649, at *3 ("dismissing with prejudice" plaintiff's Monell claim even where plaintiffs alleged "thirteen pre-incident cases" because they were "not sufficiently similar."); Acevedo v. City of Fontana, 2024 WL 1600665, at *9 (C.D. Cal. 2024) (granting motion to dismiss Monell claim based on "unconstitutional custom, policy, or practice" where plaintiff failed to plead facts in "other cases" sufficient to demonstrate a longstanding pattern of unconstitutional behavior); Wolcott v. County of Orange, 2023 WL 8224902, at *10 (C.D. Cal. 2023) ("The Court recognizes the SAC recites a number of cases in support of the sixth claim for relief. However, the Wolcotts do not explain how they are sufficiently similar to lead to an inference that the alleged policies exist, the second required element to successfully plead this cause of action."); Brown, supra, 2021 WL 99722, at *5 ("Although the FAC makes some cursory references to prior shootings, it fails to explain what happened, when,

**21**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

who was involved, any similarities to the facts here, or the Defendants' subsequent actions.  These allegations are far from sufficient to establish a widespread practice or custom.").

### B.    Failure to Train

Squinting hard at the Complaint, to the extent Plaintiff's Complaint attempts to advance a "failure to train" theory, it suffers from several substantive defects that warrant dismissal.  (See, Complaint, ¶¶ 11-16, 32-35, 36-40, 59-62, Exhibit A, Skinner Decl., ¶ 3).

As observed by the Ninth Circuit, "*Monell* liability is 'at its most tenuous where a claim turns on a failure to train.'"  See, Vanegas v. City of Pasadena, 46 F.4th 1159, 1167 (9th Cir. 2022) (internal quotation omitted).  Here, Plaintiff's claims are tenuous for a number of reasons, the first of which being that they are supported by nothing more than vague and conclusory allegations that never once inch close to factual allegations demonstrating how or why OCSD training was inadequate.  See, Iqbal, supra, 556 U.S. at 678; see also, Twombly, supra, 550 U.S. at 555.  A failure to factually identify the problematic training; to explain why it is inadequate; and to factually connect the improper or inadequate training to Plaintiff's claimed constitutional injury dooms this theory.  See, Herd, supra, 311 F.Supp.3d at 1168 (dismissing "Failure to Train" claim where "Plaintiffs provide no facts regarding the training the officers received and do not explain why the training was inadequate."); see also, Young v. City of Visalia, 687 F.Supp.2d 1141, 1149 (E.D. Cal. 2009) (noting that allegations of inadequate training and hiring practices were "threadbare" because the complaint did "not identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused Plaintiffs' harm"); Rodrigues v. County of Orange, 2020 WL 3396619, at *6 (C.D. Cal. 2020) (dismissing "Failure to Train Claim" where plaintiff "fails to include specific facts regarding (1) what training the officers received; (2) why the training was inadequate; (3) or how the County's

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

allegedly inadequate training caused [Plaintiff's] injuries."); <u>Mong Kim Tran v. City of Garden Grove</u>, 2012 WL 405088, at *4 (C.D. Cal. 2012) (finding conclusory allegation of inadequate police training insufficient to state <u>Monell</u> claim where plaintiff did not plead specific allegations regarding what the trainings were, how they were deficient, or how they caused plaintiff harm).

To be sure, making vague allegations about training and alleging that officers did not adhere to it, or that officers did not properly supervise other officers to ensure their adherence to training, is a far cry from describing *inadequate* training in enough detail to indicate with certainty that it actually exists, its substance, that it was the moving force behind a constitutional violation, or that the need for more or different training was so obvious as to amount to "deliberate indifference." <u>See</u>, e.g., <u>M.D. v. County of San Bernardino</u>, 2023 WL 2342338, at *8 (C.D. Cal. 2023); <u>see also</u>, <u>City of Canton v. Harris</u>, 489 U.S. 378, 388 (1989); <u>Herd</u>, <u>supra</u>, 311 F.Supp.3d at 1169.

On that last point, these theories further fail as a matter of law because Plaintiff fails to sufficiently allege that OCSD was "deliberately indifferent" to the rights of persons that officers were likely to encounter. (<u>See</u>, Complaint, ¶¶ 11-16, 32-35, 36-40, 59-62, Exhibit A, Skinner Decl., ¶ 3). To properly plead a "failure to train" claim, Plaintiff must establish that "the failure to train amounts to deliberate indifference to the rights of persons impacted by the inaction." <u>See</u>, <u>M.D.</u>, <u>supra</u>, 2023 WL 2342338, *8 (citing <u>City of Canton</u>, <u>supra</u>, 489 U.S. at 388) (internal citations omitted). Specifically, Plaintiff must plead enough facts to establish that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [County] can reasonably be said to have been deliberately indifferent to the need." <u>See</u>, <u>M.D.</u>, <u>supra</u>, 2023 WL 2342338, at *8 (citing <u>City of Canton</u>, <u>supra</u>, 489 U.S. at 390) (internal citations omitted). Plaintiff has not done this. Instead, he just makes

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

conclusory allegations.  (See, Complaint, ¶¶ 11-16, 32-35, 36-40, 59-62, Exhibit A, Skinner Decl., ¶ 3).

Even if Plaintiff could navigate around this substantive pitfall, there is another reason supporting dismissal.  To properly establish municipal liability under Section 1983 for "failure to train," a plaintiff must plead sufficient facts demonstrating that "deficient training" caused other, similar incidents.  See, Black v. City of Blythe, 562 F.Supp.3d 820, 835 (C.D. Cal. 2022) (granting defendants' motion to dismiss plaintiff's "failure to train" claim, reasoning that plaintiff's "conclusory statement" was "insufficient to show more than a single incident of unconstitutional activity…"); see also, Brown, supra, 2021 WL 99722, at *6 (holding plaintiff's claim inadequate where "plaintiff d[id] not sufficiently allege additional, similar incidents, other than the incident at issue here."); Flores v. Cnty. of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (plaintiff must show a "pattern of similar constitutional violations by untrained employees."); City of Canton, supra, 489 U.S. at 397-398 ("inadequate training" claims "require a showing of a pattern of violations from which a kind of 'tacit authorization' by [municipal] policymakers can be inferred…"); Case v. Kitsap County Sheriff's Dep't, 249 F.3d 921, 931-932 (9th Cir. 2001) ("Although inadequacy of police training may serve as the basis for municipal  liability in certain circumstances, the evidence presented by [plaintiff] does not support such a claim, nor can liability be predicated on the isolated sporadic events in this case.").  Plaintiff's failure to establish such a pattern ends a "failure to train" theory against OCSD right from the start.  See, Vanegas, supra, 46 F.4th at 1167.

C.    **Ratification**

Plaintiff has failed to plead any facts that specifically identified a "final policymaker" who "ratified" any unconstitutional conduct and the "basis for it" that "caused" any of Plaintiff's alleged grievances.  (See, Complaint, ¶¶ 11-16, 32-35, 36-40, 59-62, Exhibit A, Skinner Decl., ¶ 3).  These facts doom a "ratification"

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

theory.  See, Lytle v. Carl, 382 F.3d 978, 987 (9th Cir. 2004).  Indeed, to substantiate a "ratification" theory at the pleading state, Plaintiff must allege enough facts to show the identified "policymaker [had] knowledge of the constitutional violation and actually approve[d] of it; a mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim."  See, Herd, supra, 311 F.Supp.3d at 1169 (citing Lytle, supra, 382 F.3d at 987); see also, Koenig v. City of Bainbridge Island, 2011 W L 3759779, at *8 (W.D. Wash. 2011) (stating that "in order for there to be ratification, there must be 'something more' than a single failure to discipline or the fact that a policymaker concluded that the defendant officer's actions were in keeping with the applicable policies and procedures").  Nor has Plaintiff pled facts concerning "the circumstances of the ratification" so as to demonstrate any final policymaker "had previously set in motion acts of others which caused the others to inflict a constitutional injury."  See, Peschel v. City of Missoula, 686 F.Supp.2d 1092, 1102 (D. Mont. 2009). As with Plaintiff's other "Monell" theories, this one also fails as a matter of law.

In Section 1983 litigation pursued in federal court, actual facts must be pled.  Reciting legal conclusions and alleging "facts that are merely consistent with a defendant's liability" is not enough.  See, Wolcott, supra, 2023 WL 3984215, at *2 ("The Wolcotts contend their complaint is replete with factual allegations. [Citaiton].  The Court disagrees.  Many of the 'factual allegations' to which the Wolcotts point are legal conclusions and unsubstantiated with facts"; motion to dismiss granted); see also, Iqbal, supra, 556 U.S. at 678; Twombly, supra, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted).

As currently pled, Plaintiff's Section 1983 claims against OCSD fail to include specific factual allegations to sufficiently state claims for relief. Accordingly, his First, Fourth, Fifth, and Tenth Causes of Action fail as a matter of

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

law and should be dismissed.  See, Fed. R. Civ. Proc. 12(b)(6).

## IV.   PLAINTIFF'S "CONSPIRACY" CLAIM FAILS AS A MATTER OF LAW

Plaintiff's Eleventh Cause of Action  for "Conspiracy" fails on multiple grounds.

First, to the extent this claim is pursued under 42 U.S.C. § 1985(3), Defendant maintains that it cannot be sued, similarly to its inability to be held liable as a "person" on Plaintiff's various Section 1983 claims.  See, Estate of Luna, supra, 2024 WL 2105604, at *3.  Indeed, 42 U.S.C. § 1985 and all of its subsections refer explicitly to actions of "two or more *persons*."  See, 42 U.S.C. § 1985(1)-(3).  If OCSD is not a "person" for purposes of Section 1983 liability, then it also is not a "person" for purposes of Section 1985 liability.  Indeed, courts have consistently held that municipalities, let alone departments of municipalities, cannot be liable under 42 U.S.C. § 1985.  See, e.g., Batiste v. City of Beaumont, 421 F.Supp.2d 969, 986 (E.D. Tex. 2005) ("The law presumes that municipalities are incapable of entering into conspiracies.").  "Hence, municipalities cannot be liable in actions brought pursuant to Section 1985."  Batiste, supra, 421 F.Supp.2d at 986.

Moreover, conspiracy claims are subject to a heightened pleading standard in the Ninth Circuit and Plaintiff's Eleventh Claim does not factually allege OCSD involvement in a "conspiracy" sufficient to maintain the claim here.  See, Harris v. Roderick, 126 F.3d 1189, 1195 (9th Cir. 1997).  A plaintiff alleging the existence of a conspiracy must meet a standard that is more demanding than that set forth in Federal Rule of Civil Procedure 8(a)(2).  To sufficiently allege a cause of action for conspiracy under Section 1985(3), Plaintiff must allege: (1) the scope of the conspiracy; (2) each defendant's role in the conspiracy; (3) how the conspiracy operated; and (4) what actions were taken in furtherance of the conspiracy.  See, Lacey v. Maricopa, 693 F.3d 896, 937 (9th Cir. 2012).  Claims based on vague and conclusory conspiracy allegations, which fail to specify each defendant's role in the

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

alleged conspiracy, are subject to dismissal.  See, Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).  One purpose of this particularity requirement is to safeguard potential defendants from frivolous accusations of moral turpitude.  See, D.C. Circuit United States v. Martin-Baker Aircraft Co., 389 F.3d 1251, 1256 (D.C. Cir. 2004).

Defendant contends the allegations set forth in Plaintiff's Eleventh Claim for Relief do not adequately allege a Section 1985(3) conspiracy.  For starters, Plaintiff does not allege each defendant's role in the conspiracy, which, if the allegations are taken at face value, would include the Fullerton Police Department and various unnamed deputies from both the Orange County Sheriff's Department and Fullerton Police Department. (See, Complaint, ¶¶ 63-67, Exhibit A, Skinner Decl., ¶ 3).  His allegations sound more in the threadbare recitals of the elements of a claim that federal courts lament and routinly reject in these types of pleadings.  See, Twombly, supra, 550 U.S. at 555 ("[T]threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."); Iqbal, supra, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting Twombly, supra, 550 U.S. at 555, 557)).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**27**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## V.    CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court grant this Motion as prayed pursuant to <u>Fed. Rs. Civ. Proc.</u> 8 and 12(b)(6).

DATED:  June 22, 2026                                  Respectfully submitted,

**LYNBERG & WATKINS**
A Professional Corporation

By:  */s/ Ryane C. Skinner*
**JESSE K. COX**
**RYANE C. SKINNER**
Attorneys for Defendant
ORANGE COUNTY SHERIFF'S
DEPARTMENT

---

**28**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant Orange County Sheriff's Department certifies that this brief contains 6,456 words over 19 pages, and complies with the word limit of L.R. 11-6.1.

DATED:  June 22, 2026                    Respectfully submitted,

**LYNBERG & WATKINS**
A Professional Corporation


                                     By:  */s/ Ryane C. Skinner*
                                     **JESSE K. COX**
                                     **RYANE C. SKINNER**
                                     Attorneys for Defendant
                                     ORANGE COUNTY SHERIFF'S
                                     DEPARTMENT

---

**29**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**